# EXHIBIT "27"

## Nakonecznyj Marion

| | |
|---|---|
| **From:** | William Dondiego [wdondiego@sobelins.com] |
| **Sent:** | Friday, August 22, 2008 9:23 AM |
| **To:** | RM XLE Claims |
| **Cc:** | William Dondiego |
| **Subject:** | Linzy Dickson vs. Cole Partners-loss of 11/14/07 |

*MB*
*6L-BI-5000*
*Cov?*

**Attachments:** Dickson indian.pdf



Dickson indian.pdf
(805 KB)

Attached find a 1st report accord, original lawsuit,and the impleader of Cole into the captioned loss.Please advise the file# and adjuster assigned. Thank you...Bill

-----Original Message-----
From: Accounting Scanner [mailto:acscanner@sobelins.com]
Sent: Thursday, August 21, 2008 5:05 PM
To: William Dondiego
Subject: Scanned from MFP-00005203 08/21/2008 17:04

Scanned from MFP-00005203.
Date: 08/21/2008 17:04
Pages:34
Resolution:200x200 DPI
---------------------------------------
Sobel Affiliates Inc. 2006

CONFIDENTIALITY NOTICE:

The information contained in this communication, including attachments is privileged and confidential.  It is intended only for the exclusive use of the addressee.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  Insurance coverage cannot be bound, amended or changed via an e-mail message without knowledge or consent from the insuring carrier.  If you receive this communication in error please notify us by telephone immediately at (516) 745-1111 or e-mail at support@sobelins.com.  Thank you.

*0813b442*

1

IHAR00000093

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

| | | | | | DATE (MM/DD/YYYY) |
|---|---|---|---|---|---|
| | | | | CSR FG | 08/22/2008 |

| AGENCY | PHONE (A/C, No, Ext): 516-745-0000 | NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | AM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|---|---|

Sobel Affiliates
595 Stewart Avenue
Garden City NY 11530-4735
Sobel Affiliates Inc

X NOTICE OF CLAIM   11/14/07   PM   YES | NO

EFFECTIVE DATE 03/01/07   EXPIRATION DATE 03/01/08   POLICY TYPE X OCCURRENCE   CLAIMS MADE   RETROACTIVE DATE

| FAX (A/C, No): | | COMPANY | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|---|---|
| E-MAIL ADDRESS: | | Indian Harbor Insurance Co. | | |

| CODE: | SUB CODE: | POLICY NUMBER | REFERENCE NUMBER |
|---|---|---|---|
| AGENCY CUSTOMER ID: COLEP-1 | | ESG0022377 | |

## INSURED                                          CONTACT   X CONTACT INSURED

| NAME AND ADDRESS | SOC SEC # OR FEIN: | NAME AND ADDRESS | WHERE TO CONTACT |
|---|---|---|---|
| Cole Partners, Inc. 242 Nevins Street Brooklyn NY 11217 | | Cole Partners, Inc. 242 Nevins Street Brooklyn NY 11217 | |
| E-MAIL ADDRESS: dhaughton@colepartnersinc.com | | E-MAIL ADDRESS: dhaughton@colepartnersinc.com | WHEN TO CONTACT |
| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) 718 875-8300 | RESIDENCE PHONE (A/C, No)   BUSINESS PHONE (A/C, No, Ext) 718 875-8300 | |

## OCCURRENCE

| LOCATION OF OCCURRENCE (Include city & state) | AUTHORITY CONTACTED |
|---|---|

DESCRIPTION OF OCCURRENCE (Use separate sheet, if necessary)   LINZY DICKSON, COLE EMPLOYEE, SUES FOR INJURIES SUSTAINED AT 94-01 SUTPHIN BLVD JOBSITE.

## POLICY INFORMATION

COVERAGE PART OR FORMS (Insert form #s and edition dates)

| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
|---|---|---|---|---|---|---|---|
| 2000000 | 1000000 | 1000000 | 1000000 | 50000 | 5000 | 10000 | BI |

| UMBRELLA/ EXCESS | X UMBRELLA | EXCESS | CARRIER: SCOTTSDALE | LIMITS: 10000000 | AGGR 10000000 | PER CLAIM/OCC | SIR/ DED |
|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

| PREMISES: INSURED IS | | OWNER | TENANT | X OTHER: CONTRACTOR | TYPE OF PREMISES |
|---|---|---|---|---|---|

OWNER'S NAME & ADDRESS (If not insured)                                          OWNERS PHONE (A/C, No, Ext):

| PRODUCTS: INSURED IS | | MANUFACTURER | VENDOR | OTHER: | TYPE OF PRODUCT |
|---|---|---|---|---|---|

MANUFACTURER'S NAME & ADDRESS (If not insured)                                   MANUFACT PHONE (A/C, No, Ext):

WHERE CAN PRODUCT BE SEEN?

OTHER LIABILITY IN-CLUDING COMPLETED OPERATIONS (Explain)

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | LINZY DICKSON | | PHONE (A/C, No, Ext) |
|---|---|---|---|
| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS COLE PARTNERS | PHONE (A/C, No, Ext) |

| DESCRIBE INJURY | WHERE TAKEN | WHAT WAS INJURED DOING? |
|---|---|---|
| FATALITY | | |

| DESCRIBE PROPERTY (Type, model, etc) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN CAN PROPERTY BE SEEN? |
|---|---|---|---|

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|
| | | |
| | | |

REMARKS

ATTACHED ARE ACORD, LAWSUIT, IMPLEADER OF INSURED. PLEASE ADVISE THE FILE# AND ADJUSTER ASSIGNED

| REPORTED BY ASSD | REPORTED TO BILL DONDIEGO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER Sobel Affiliates Inc |
|---|---|---|---|

ACORD 3 (2005/06)        NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE        © ACORD CORPORATION 1986-2005

IHAR00000094

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
LINZY DICKSON,

                                 Plaintiff,

    -against-

MERKEL PROPERTIES, LLC,
MBR CONTRACTING, INC.,
and JFK CENTER ASSOCIATES, LLC,

                             Defendants.
-----------------------------------------------------------------X
MERKEL PROPERTIES, LLC and JFK CENTER
ASSOCIATES, LLC,
                    Third-Party Plaintiffs,
    -against-

COLE PARTNERS, INC. ,

                    Third-Party Defendant.
-----------------------------------------------------------------X

Index No: 45046/07

**THIRD-PARTY
SUMMONS**

T.P. Index No:

75725-08
8-18-08

**TO THE ABOVE NAMED THIRD-PARTY DEFENDANT:**

        **YOU ARE HEREBY SUMMONED** and required to serve upon the third-party plaintiff's attorneys, an answer to the annexed third-party complaint, which is herewith served upon you with all relevant pleadings in the action, within twenty (20) days after the service thereof, exclusive of the day of service, or within thirty (30) days after service is complete if service is made by any method other than personal delivery to you within the State of New York.

        In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the third-party complaint.

Dated: Garden City, New York
       August 11, 2008

By:     *Olympia Rubino*
OLYMPIA RUBINO, ESQ.
CASCONE & KLUEPFEL, LLP
Attorneys for Defendant/3rd Party Plaintiffs
1399 Franklin Avenue, Suite 302
Garden City, New York 11530
(516) 747-1990
File No.: 01410DCSC

TO:    COLE PARTNERS, INC.
       Third-Party Defendant
       242 Nevins Street
       Brooklyn, New York

IHAR00000096

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
LINZY DICKSON,                                                          Index No: 45046/07

                                       Plaintiff,

            -against-                                                   **THIRD-PARTY**
                                                                       **COMPLAINT**
MERKEL PROPERTIES, LLC,
MBR CONTRACTING, INC.,
and JFK CENTER ASSOCIATES, LLC,

                                       Defendants.
------------------------------------------------------------------X
MERKEL PROPERTIES, LLC and JFK CENTER                    T.P. Index No:
ASSOCIATES LLC,

                           Third-Party Plaintiff,

            -against-

COLE PARTNERS, INC. ,

                           Third-Party Defendant.
------------------------------------------------------------------X

The third-party plaintiffs, MERKEL PROPERTIES, LLC and JFK CENTER ASSOCIATES, ("MERKEL" and JFK") by its attorneys, CASCONE & KLUEPFEL, LLP, for its third-party complaint, alleges the following upon information and belief:

1.      That at all times mentioned herein, the third-party defendant, COLE PARTNERS, INC., ("COLE"), was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

2.      That at all times hereinafter mentioned, third-party defendant, COLE is a foreign corporation authorized to do business within the State of New York.

3.      That all times hereinafter mentioned, third-party defendant, COLE, is a general partnership authorized to do business in the State of New York.

4.      That at all times hereinafter mentioned, third-party defendant, COLE is a limited partnership authorized to do business in the State of New York.

5.      That at all times hereinafter mentioned, third-party defendant, COLE is a sole proprietorship authorized to do business in the State of New York.

IHAR00000097

6.    The plaintiff has served upon the defendants a complaint, a copy of which is annexed hereto, together with all other relevant pleadings. (**Ex. A**).

7.    Pursuant to the complaint, the plaintiff claims that he was caused to sustain severe injuries on November 14, 2007 while he was engaged in construction work at the premises located at 94-01 Sutphin Boulevard, Queens, New York, in the County, City and State of New York.   He claims the injuries sustained were caused and due to the joint, concurrent and several negligence of the defendants in failing to provide a safe place to work, in causing and/or permitting unsafe conditions to exist at the subject construction site.

## AS AND FOR A FIRST CAUSE OF ACTION

8.    Prior to November 14, 2007, the third-party defendant, COLE was contracted by JFK to perform certain work at the subject jobsite.

9.    That the contract contains provisions whereby COLE agreed and became contractually obligated to indemnify and save MERKEL and JFK harmless for and against all claims, liabilities, damages, lawsuits and expenses, including attorneys' fees and court costs, on account of injuries arising from or caused directly or indirectly by the work of the contractor of subcontractor.

10.    That if the plaintiff, LINZY DICKSON, sustained the damages alleged in the complaint, then said injuries and/or damages were sustained by reason of the carelessness, recklessness, negligence, culpability, breach of contract, statutory liability and/or acts or omissions by third-party defendant, COLE, its agents, servants, employees and/or subcontractors, and without any negligence or fault on the part of third-party plaintiffs, MERKEL and JFK, contributing thereto.

11.    That MERKEL and JFK has put forth costs and expenses in the defense of the action and in prosecution of the third-party action.

12.    That if any party obtains a judgment against the third-party plaintiffs, MERKEL and JFK, then the third-party defendant, COLE, will be obligated contractually to

indemnify MERKEL and JFK for the full amount of such judgment, along with the attorneys' fees and costs expended on behalf of MERKEL and JFK in the defense of this lawsuit.

## AS AND FOR A SECOND CAUSE OF ACTION

13.    Defendant/third-party plaintiffs, MERKEL and JFK repeats, reiterates and realleges each and every allegation set forth in the paragraphs designated as "1" through "12" of this Third-Party Complaint, with the same force and effect as if the same were more fully set forth herein.

14.    If plaintiff, LINZY DICKSON, sustained damages as alleged in the complaint, then said injuries and/or damages were sustained by reason of the carelessness, recklessness, negligence, culpability, breach of contract, statutory liability and/or acts or omissions and/or commissions by the third-party defendant, COLE, its agents, servants, employees and/or subcontractors, and without negligence and/or fault on the part of the defendant/third-party plaintiff, MERKEL and JFK contributing thereto.

15.    If any party obtains judgment against MERKEL and JFK, then COLE will be obligated under common law principles to indemnify MERKEL and JFK for the full amount of such judgment or to contribute to the payment of such judgment in proportion to be determined upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

16.    Defendant/third-party plaintiffs, MERKEL and JFK, repeats, reiterates and realleges each and every allegation set forth in the paragraphs designated as "1" through "15" of this with the same force and effect as if the same were more fully set forth herein.

17.    Pursuant to the contract between MERKEL, JFK and COLE, COLE was obligated to purchase insurance for the protection of MERKEL and JFK protecting and covering

IHAR00000099

MERKEL and JFK from and against all claims for bodily injury which arise out of COLE's work.

18.    Upon information and belief, COLE failed to purchase said insurance for the protection of MERKEL and JFK pursuant to COLE's obligations under the contract.

19.    As a result of COLE'S breach of contract in failing to procure the required insurance, MERKEL and JFK has been and will continue to be damaged as a result of the claims of the plaintiff herein and has been and will continue to be required to expend attorneys' fees for its own defense in the within action and may be subject to liability and/or a judgment in favor of the plaintiff, all of which costs and expenses would have been defrayed by the liability insurance which COLE was obligated to purchase for the benefit of MERKEL and JFK.

20.    That as a result of COLE'S breach of contract regarding the purchase of insurance, MERKEL and JFK are entitled to be reimbursed from COLE for the amount of any damages MERKEL and JFK are obligated to pay the plaintiff, including the amount of any judgment or settlement, as well as the attorneys' fees and costs associated with the defense of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

21.    Defendant/third-party plaintiffs, MERKEL and JFK, repeats, reiterates and realleges each and every allegation set forth in the paragraphs designated as "1" through "20" of this Cross Complaint, with the same force and effect as if the same were more fully set forth herein.

22.    If plaintiff, LINZY DICKSON, sustained damages as alleged in the complaint, then said injuries and/or damages were sustained by reason of the carelessness, recklessness, negligence, culpability and/or acts or omissions and/or commissions by the third-

party defendant, COLE, its agents, servants, employees and/or subcontractors, and without negligence and/or fault on the part of the defendant/third-party plaintiffs, MERKEL and JFK, contributing thereto.

23.    If plaintiff, LINZY DICKSON, obtains judgment against MERKEL and JFK, then COLE will be obligated under common law principles to indemnify MERKEL and JFK for the full amount of such judgment or to contribute to the payment of such judgment in proportion to be determined upon the trial of this action.

WHEREFORE, the defendant/third-party plaintiffs, MERKEL PROPERTIES, LLC and JFK CENTER ASSOCIATES., demand judgment over and against the third-party defendant, COLE PARTNERS, INC., for the amount of any verdict or judgment which may be recovered against the defendant/third-party plaintiffs, MERKEL PROPERTIES, LLC and JFK CENTER ASSOCIATES., by the plaintiff, together with the costs, attorneys' fees and all other expenses incurred by the defendant/third-party plaintiffs, MERKEL PROPERTIES, LLC and JFK CENTER ASSOCIATES., in defending this action.

Dated: Garden City, New York
      August 11, 2008

By:      _____
        OLYMPIA RUBINO, ESQ.
        CASCONE & KLUEPFEL, LLP
        Attorneys for Defendants/
        Third-Party Plaintiffs,
        MERKEL and JFK
        1399 Franklin Avenue-Suite 302
        Garden City, New York 11530
        (516) 747-1990
        File No: 01410DCSC

IHAR00000101

# EXHIBIT A

IHAR00000102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

=======================================X

LINZY DICKSON,

                   Plaintiff,

           -against-

MERKEL PROPERTIES, LLC,
MBR CONTRACTING, INC.,
and JFK CENTER ASSOCIATES, LLC

               Defendant(s)

=======================================X

**Index No.: 45046/07**
**Date Purchased:** 12/10/07

Plaintiff designates
KINGS County as
the place of trial
The basis of venue
is PLAINTIFF'S
RESIDENCE

**AMENDED**
**SUMMONS**

Plaintiff resides at
220 Troop Avenue
Brooklyn, New York

County of KINGS

TO THE ABOVE NAMED DEFENDANT(S):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 29, 2008
       New York, New York

                             Yours, etc.,

Defendant's Addresses
SEE ANNEXED RIDER

                             JORDAN HECHT, ESQ.
                             HECHT, KLEEGER, PINTEL
                             & DAMASHEK
                             Attorneys for Plaintiff
                             19 West 44th Street – Suite 1500
                             New York, New York 10036
                             (212) 490-5700

**THIS ACTION IS NOT BASED UPON A CONSUMER CREDIT TRANSACTION**
**THIS ACTION SEEKS RECOVERY FOR PERSONAL INJURY**

IHAR00000103

RIDER:

Defendant(s) Address(es):

Merkel Properties
198-01 Jamaica Avenue
Hollis Hills, New York

MBR Contracting, Inc.,
148-27 94th Avenue
Queens, New York

JFK Center Associates
41 Shore Road
Amityville, New York

## PLEASE FORWARD THIS TO YOUR INSURANCE COMPANY

IHAR00000104

(hereinafter "MBR") was, and still is, a domestic corporation with offices in the State of New York.

7. At all times hereinafter mentioned, the defendant MERKEL was, and still is, a foreign corporation which maintained an office in the State of New York.

8. At all times hereinafter mentioned, the defendant JFK CENTER ASSOCIATES, LLC (hereinafter "JFK") was, and still is, a domestic corporation with offices in the State of New York.

3. At all times hereinafter mentioned, the defendant JFK was, and still is, a foreign corporation which maintained an office in the State of New York.

4. At all times hereinafter mentioned, the defendant JFK was, and still is, limited liability corporation which maintained an office in the State of New York.

5. At all times hereinafter mentioned, the defendant JFK was, and still is, a limited liability company which maintained an office in the State of New York

8. At all times hereinafter mentioned, and on November 14, 2007 the defendant MERKEL owned the property located at 94-01 SUTPHIN BOULEVARD, in the City and State of New York, County of QUEENS as well as the building, fixtures and appurtenances thereat, (hereinafter "the aforementioned premises").

9. At all times hereinafter mentioned, the defendant MERKEL operated the aforementioned premises.

10. All times hereinafter mentioned, the defendant MERKEL controlled the aforementioned premises.

11. At all times hereinafter mentioned, the defendant MERKEL managed the aforementioned premises.

12. At all times hereinafter mentioned, the defendant MERKEL leased the aforementioned premises.

13. At all times hereinafter mentioned, the defendant MERKEL was the lessee of the

IHAR00000105

aforementioned premises.

14. At all times hereinafter mentioned, the defendant MERKEL inspected the aforementioned premises.

15. At all times hereinafter mentioned, the defendant MERKEL repaired the aforementioned premises.

16. At all times hereinafter mentioned, the defendant MERKEL maintained the aforementioned premises.

17. At all times hereinafter mentioned, the defendant MERKEL was the construction manager at the aforementioned premises.

18. At all times hereinafter mentioned, the defendant MERKEL was the general contractor at the aforementioned premises.

19. At all times hereinafter mentioned, the defendant MERKEL was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work underway at the aforementioned premises.

20. At all times hereinafter mentioned, the defendant JFK operated the aforementioned premises.

21. All times hereinafter mentioned, the defendant JFK controlled the aforementioned premises.

22. At all times hereinafter mentioned, the defendant JFK managed the aforementioned premises.

23. At all times hereinafter mentioned, the defendant JFK leased the aforementioned premises.

24. At all times hereinafter mentioned, the defendant JFK was the lessee of the aforementioned premises.

25. At all times hereinafter mentioned, the defendant JFK inspected the aforementioned

IHAR00000106

premises.

26. At all times hereinafter mentioned, the defendant JFK repaired the aforementioned premises.

27. At all times hereinafter mentioned, the defendant JFK maintained the aforementioned premises.

28. At all times hereinafter mentioned, the defendant JFK was the construction manager at the aforementioned premises.

29. At all times hereinafter mentioned, the defendant JFK was the general contractor at the aforementioned premises.

30. At all times hereinafter mentioned, the defendant JFK was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work underway at the aforementioned premises.

31. At all times hereinafter mentioned, the defendant MBR held themselves out to be and was in the business of performing construction management and general contracting work.

32. At all times hereinafter mentioned, the defendant MBR was the construction manager at the aforementioned premises.

33. At all times hereinafter mentioned, the defendant MBR was the general contractor at the aforementioned premises.

34. At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to serve as an agent of MERKEL with respect to the aforementioned premises.

35. At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to act as a general contractor with respect to the aforementioned premises.

36. At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to act as the construction manager with respect to the aforementioned premises.

37. At all times hereinafter mentioned, the defendant MERKEL hired and/or retained

MBR to perform construction work, labor, demolition, repairs and/or services upon the aforementioned premises.

38.    That at all times hereinafter mentioned, the defendant MERKEL entered into a written contract with MBR whereby MBR was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises

39.    That at all times hereinafter mentioned, the defendant MERKEL entered into a written contract with MBR whereby MBR was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises including general contracting and construction management services.

34.    At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to serve as an agent of MERKEL with respect to the aforementioned premises.

35.    At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to act as a general contractor with respect to the aforementioned premises.

36.    At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to act as the construction manager with respect to the aforementioned premises.

37.    At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to perform construction work, labor, demolition, repairs and/or services upon the aforementioned premises.

38.    That at all times hereinafter mentioned, the defendant MERKEL entered into a written contract with MBR whereby MBR was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises

39.    That at all times hereinafter mentioned, the defendant MERKEL entered into a written contract with MBR whereby MBR was to provide certain work, labor, services and

IHAR00000108

materials with respect to the renovation, construction and/or alteration upon the aforementioned premises including general contracting and construction management services.

40. At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to serve as an agent of MERKEL with respect to the aforementioned premises.

41. At all times hereinafter mentioned, the defendant MERKEL hired and/or retained MBR to act as a general contractor with respect to the aforementioned premises.

42. At all times hereinafter mentioned, the defendant JFK hired and/or retained MBR to act as the construction manager with respect to the aforementioned premises.

43. At all times hereinafter mentioned, the defendant JFK hired and/or retained MBR to perform construction work, labor, demolition, repairs and/or services upon the aforementioned premises.

44. That at all times hereinafter mentioned, the defendant JFK entered into a written contract with MBR whereby MBR was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises

45. That at all times hereinafter mentioned, the defendant JFK entered into a written contract with MBR whereby MBR was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises including general contracting and construction management services.

46. At all times hereinafter mentioned, the defendant MERKEL was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work underway at the aforementioned premises.

47. At all times hereinafter mentioned, the defendant JFK was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work underway at the aforementioned premises.

48. At all times hereinafter mentioned, the defendant MBR was directing, supervising

IHAR00000109

and controlling the construction, renovation, demolition, rehabilitation and/or alteration work underway at the aforementioned premises.

49. At all times hereinafter mentioned, the defendant MBR held themselves out to be and was in the business of performing construction management and general contracting work.

50. At all times hereinafter mentioned, the defendant MBR was the construction manager at the aforementioned premises.

51. At all times hereinafter mentioned, the defendant MBR was the general contractor at the aforementioned premises.

52. That at all times hereinafter mentioned, the defendant MERKEL entered into a written contract with non-party Cole Partners, Inc., (hereinafter "Cole") whereby Cole was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises including demolition and related services.

53. At all times hereinafter mentioned, the defendant MERKEL entered into a written agreement with Cole to provide demolition, construction and/or renovation related services at the aforementioned premises.

54. At all times hereinafter mentioned, the defendant MERKEL was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work performed by Cole the aforementioned premises.

55. That at all times hereinafter mentioned, the defendant JFK entered into a written contract with non-party Cole Partners, Inc., (hereinafter "Cole") whereby Cole was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises including demolition and related services.

56. At all times hereinafter mentioned, the defendant JFK entered into a written agreement with Cole to provide demolition, construction and/or renovation related services at the aforementioned premises.

IHAR00000110

57.    At all times hereinafter mentioned, the defendant JFK was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work performed by Cole the aforementioned premises.

58.    That at all times hereinafter mentioned, the defendant MBR entered into a written contract with non-party Cole Partners, Inc., (hereinafter "Cole") whereby Cole was to provide certain work, labor, services and materials with respect to the renovation, construction and/or alteration upon the aforementioned premises including demolition and related services.

59.    At all times hereinafter mentioned, the defendant MBR entered into a written agreement with Cole to provide demolition, construction and/or renovation related services at the aforementioned premises.

60.    At all times hereinafter mentioned, the defendant MBR was directing, supervising and controlling the construction, renovation, demolition, rehabilitation and/or alteration work performed by Cole the aforementioned premises.

61.    At all times hereinafter mentioned, and on, or prior to November 14, 2007 the defendant MERKEL had present at the aforementioned premises its agents, servants, associates and/or employees.

62.    At all times hereinafter mentioned, and on, or prior to November 14, 2007 the defendant MERKEL as well as their agents, servants and/or employees were performing construction, renovation, demolition, rehabilitation and/or alteration work upon the aforementioned premises.

63.    At all times hereinafter mentioned, and on, or prior to November 14, 2007 the defendant MBR had present at the aforementioned premises its agents, servants, associates and/or employees.    64.    At all times hereinafter mentioned, and on, or prior to November 14, 2007 the defendant MBR as well as their agents, servants and/or employees were performing construction, renovation, demolition, rehabilitation and/or alteration work upon the aforementioned

IHAR00000111

premises.

65. At all times hereinafter mentioned, and on, or prior to November 14, 2007 construction, renovation, demolition, rehabilitation and/or alteration work was underway and ongoing at the aforementioned premises.

66. At all times hereinafter mentioned, and on, or prior to November 14, 2007 the defendants and each of them had the duty to provide the plaintiff with a safe place to work.

67. At all times hereinafter mentioned, and on, or prior to November 14, 2007 the defendant had the duty to see that the work site was kept in a reasonably safe condition and was kept free of dangers and/or hazards as to those workers lawfully thereat.

68. On November 14, 2007 was lawfully present at the aforementioned premises.

69. On November 14, 2007 the plaintiff was in the employ of Cole Partners, Inc. and was in the scope of his employment when he was caused to sustain serious personal injuries at the aforementioned premises.

70. That the plaintiff's injuries resulting therefrom were proximately caused by the carelessness, recklessness negligence and gross negligence of the defendant, their agents, servants, and employees in the ownership, operation, management, supervision, direction, maintenance, usage and control of the aforementioned premises and construction sites in that the defendant, their agents and servants Failed to provide a safe work place; Failed to provide the plaintiff with a hazard free work place; Failed to provide adequate safety devices; Failed to properly supervise construction, demolition, renovation, rehabilitation and/or alteration work; Failed to provide plaintiff with proper and safe elevated working surfaces; Failed to prevent the plaintiff from falling from a height; Failed to properly sure steel beams during demolition; Failed to ensure beams did not move and/or shake during demolition; Failed to safely perform demolition operations; Failed to provide safety harness; Failed to provide life-line; Failed to have proper safety nets and guards; Failed to provide proper and safe equipment; Failed to protect the plaintiff from falling from

IHAR00000112

elevation; Failed to protect plaintiff from elevation related risks; Failed to supervise personnel in their employ; Failed to supervise the work site; Failed to inspect the premises and work area; Failed to provide proper elevated working devices to stop the plaintiff from falling; Failed to safely conduct demolition operations; Failed to provide proper scaffolding; Failed to provide proper safety devices to enable plaintiff to work at heights; Failed to install and/or construct proper barricades and railings; Failed to erect and/or post signs or other warnings with regards to their failings; permitted defective and dangerous equipment to remain on the premises; violated section 200, 240 and 241 of the Labor Law; Rule 23 of the Industrial Code of the State of New York and the Rules and Regulations of OSHA as they pertain to safe work sites and were generally negligent in permitting plaintiff was work in a dangerous and unsafe work place without any negligence, want of care or assumption of risk on the part of plaintiff contributing thereto.

71. The area where plaintiff was injured was improperly and inadequately constructed, repaired, sured, guarded, supervised, inspected and maintained such that it constituted a severe hazard, a trap for the unwary, a public and private nuisance, and was in violation of applicable code.

72. The defendant had both actual and constructive notice of the defective, dangerous and trap-like conditions in existence on said defendant's premises, but failed to remedy same in a timely fashion or warn the plaintiff of the dangerous conditions prior to the happening of the occurrence as herein alleged.

73. As a result of the aforesaid, the plaintiff was rendered sick, sore, lame, and disabled, was caused to suffer great pain, and was internally and externally injured, will continue to endure great pain and suffering, and has sustained and will continue to sustain special damages. That plaintiff has been and will be unable to attend to his usual vocation and activities and has been obliged to expend and will expend in the future sums of money for medical aid and attention and by reason of the foregoing. Plaintiff has been damaged in the amount of **TEN MILLION DOLLARS** ($10,000.000.00) all to plaintiff's damage.

IHAR00000113

## AS FOR A SECOND CAUSE OF ACTION (Labor Law 200)

74. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs numbered "1" through "73" with the same force and effect as though more fully set forth at length herein.

75. That on November 14, 2007, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

76. At all times hereinafter mentioned the defendant was subject to the aforementioned statute.

77. That on November 14, 2007 the defendant violated the aforementioned statute.

78. That as a result of the foregoing violation, plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS FOR A THIRD CAUSE OF ACTION (Labor Law 240)

79. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs numbered "1" through "54" with the same force and effect as though more fully set forth at length herein.

80. That on November 14, 2007 there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

81. At all times hereinafter mentioned the defendant was subject to the aforementioned statute.

82. That on November 14, 2007, the defendant violated the aforementioned statute.

83. That as a result of the foregoing violation, plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

IHAR00000114