**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Fax: 212.232.1399
www.lewisbrisbois.com

**PETER T. SHAPIRO**
DIRECT DIAL: 212.232.1322
PETER.SHAPIRO@LEWISBRISBOIS.COM

April 30, 2014

**VIA EMAIL**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    **Scottsdale Insurance Company v. Indian Harbor Insurance Company**
> 12 Civ. 2632 (PAE)

Dear Judge Engelmayer:

I write in response to counsel's joint letter to Your Honor, dated April 28, 2014. After receiving the letter, I reached out to counsel on April 29 to address the issues raised by counsel. I have had an exchange of correspondence with Mr. Kull this afternoon, and we have succeeded in narrowing one issue. Set forth below is our position regarding the depositions requested and an explanation of the disputes we have with counsel concerning certain of the depositions being sought.

First, we are prepared to produce Messrs. Katz and Schwartz again for depositions. We had asked that counsel advise specifically as to the topics they anticipate covering, but Mr. Kull says it is not possible to do so since they may need to cover multiple previously undisclosed emails. I would ask the Court to direct: (1) that counsel identify in advance the emails to be used at the depositions, at least to the extent possible, so that the witnesses can refresh their recollections and would make the depositions both more expeditious and potentially more meaningful; and (2) the length of the depositions be limited to a duration the Court deems reasonable. I note that relatively few newly disclosed, arguably germane emails appear to involve Mr. Katz so his deposition should presumably be brief.

I am pleased to advise that Mr. Kull has agreed to my proposal that, in lieu of a deposition of my firm's partner Andrea Silk, we will provide her affidavit stating that she has no memory of the email exchange with Bryan Schwartz referenced in counsel's letter, and

ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORT LAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY

NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHILADELPHIA • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON

4827-6254-4154.1

April 30, 2014
Page 2

she has no idea why Mr. Schwartz would have been communicating with her about a case in which she had no involvement whatsoever and about which she has no knowledge.

With respect to counsel's request to depose unnamed LBBS employees concerning subpoena compliance and document searches and production, we submit that the proposed non-party discovery is getting rather far afield. It is difficult to envision how such testimony – which might have to be provided by more than one individual - could bear on or lead to the discovery of admissible evidence. Mr. Kull has stated that the testimony is germane to the credibility of the LBBS witnesses in light of the firm's delay in providing a complete document production, and he seeks an explanation of what prompted LBBS personnel to deny that the firm was in possession of responsive materials and to test the excuses proffered by LBBS as justification for the delayed and incomplete compliance. I cannot agree that these depositions are appropriate. We have furnished explanations about the document retrieval process (and have apologized for the errors that were made). We can certainly seek to provide any additional information about those issues informally if requested (none has been sought since our most recent production). But to have to produce unidentified firm employees – potentially for multiple depositions - does seem to be unreasonable. Those employees did not provide prior affidavits concerning the document production.

If the Court is inclined to grant counsel's request, we request that counsel be required to identify the deponents and, if the deponents work in our firm's IT department in the Los Angeles office, that the depositions be conducted by telephone or video hookup. It would be unduly burdensome for a non-party such as LBBS to have to fly employees 3,000 miles to be deposed in New York City given the available technology and the liberal policies concerning such matters under Federal Rules of Civil Procedure 30 and 45. Again, we ask that reasonable time limits be imposed for these depositions if they are allowed at all.

With respect to counsel's suggestion that they want to depose Daniel Granatell, who was a summer law clerk at LBBS in 2012 but is not now a firm employee, that request appears to be inappropriate and provides further indication that the proper scope of discovery is being exceeded. While Mr. Kull advised me (correctly) that LBBS would not have the right to object to the service of a subpoena upon Mr. Granatell because he is not currently employed by our firm, Mr. Kull's explanation of why Mr. Granatell's testimony is needed is of concern in part. According to Mr. Kull, recently produced LBBS billing records reflect that Mr. Granatell spent hours preparing LBBS' original document production and conducted research concerning the scope of materials that had to be produced. To the extent the Court is inclined to permit this subpoena, and in light of counsel's apparent intent to question Mr. Granatell about his research and about discussions with firm attorneys about the scope of documents required to be produced per his legal research, we would object to any such questioning as invading the applicable privileges. We would

4827-6254-4154.1

April 30, 2014
Page 3

seek a ruling by the Court that the questioning is improper, and would also request that we be advised of the deposition date per subpoena and permitted to attend and protect our firm's interests in this regard. Communications by attorneys within the firm with subordinates in connection with determination of the firm's obligations and responsibilities in connection with a subpoena seeking materials that may be privileged or subject to other protections (including, in this case, the protections of HIPAA, which led LBBS to conclude that certain documents had to be withheld from the production until the appropriate releases could be obtained) are privileged and should not have to be disclosed absent some very strong reason to invade the privilege. We would not seek to block questioning about instructions given and communications had about document retrieval and production generally in response to the subpoena if Your Honor believes that such inquiry at deposition is called for.

I am available for a telephone or in person conference to address this matter if Your Honor believes that such a conference would be productive. My available dates are May 1, 5, 6 (afternoon only) and 8, 2014.

Thank you for your attention to this matter.

Very truly yours,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    Gary Kull, Esq.
       Paul R. Koepff, Esq.
       Ralph DeSanto, Esq.
       Josh Weisberg, Esq.
       (all via email)

4827-6254-4154.1